**Zora Singh MUNDI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72800.

Agency No. A77–832–847.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2003.*

Decided Nov. 21, 2003.

Earle A. Sylva, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, James R. Grimes, Office of Immigration Litigation, Margaret Perry, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Zora Singh Mundi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. Because the BIA affirmed without opinion the decision of the IJ, we review the IJ's decision as if it were the opinion of the

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

BIA. *See* 8 C.F.R. § 1003.1(a)(7)(iii). The IJ's denial of relief was based on an adverse credibility determination. We review adverse credibility determinations under the "substantial evidence" standard. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Because we find that the IJ's adverse credibility determination was supported by substantial evidence, we deny Mundi's petition for review.

The IJ in this case pointed to a number of specific and cogent flaws in Mundi's testimony: (1) Mundi testified that his brother Sher was arrested and held for three days, while Sher stated in his Canadian asylum application that he was detained for seven months; (2) Mundi was inconsistent in his testimony about which sarpanche[1] aided him in the release from his first arrest; (3) Mundi's testimony was inconsistent about the events leading up to his second arrest—he testified at one point that two persons were sent by his father to Mundi's farmhouse to visit two of Mundi's brothers when, according to other testimony, those brothers had departed the country months earlier; and (4) Mundi testified that his older brothers "separated" from the rest of the family in 1970 due to police harassment, but also testified that neither he nor his family had ever been harassed by the police in 1970 or before. Each of these inconsistencies goes to the heart of Mundi's claims for asylum and withholding of removal because they concern the alleged motivations for, and circumstances surrounding, Mundi's arrests. For these reasons, we deny Mundi's petition for review.

**PETITION FOR REVIEW DENIED.**

---

1. A sarpanche is the leader of a village council. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999).